IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


DONALD FLYNN,                              :
                                           :
          Plaintiff                        :
                                           :
     v.                                    :     CIVIL NO. 3:CV-12-1535
                                           :
DEPARTMENT OF CORRECTIONS,                 :     (Judge Conaboy)
ET AL.,                                    :
                                           :
          Defendants                       :

---

## MEMORANDUM
### Background

Donald Flynn, an inmate presently confined at the State Correctional Institution, Coal Township, Pennsylvania (SCI-Coal Twp.), initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983.

By Memorandum and Order dated August 26, 2013, Defendants' motion seeking partial dismissal was granted.  Specifically, dismissal was granted in favor of Defendants Pennsylvania Department of Corrections (DOC) and the following DOC officials, Secretary John Wetzel; Chief Grievance Officer Dorina Varner; and Chief Hearing Examiner Robin Lewis.  See Doc. 33, p. 18.  Dismissal was also entered in favor of the following SCI-Coal Twp. Defendants:  Hearing Examiner Kerns-Barr; Unit Manager Charles Custer; Major Miller; Licensed Psychologist Manager (LPM) John Sidler; Cam II Michael Corbacio; Correctional Officer Richards; ex-Deputy Superintendent Rhonda Ellet; Medical Director McCarty; Unit

1

Manager Williams; Correctional Officer Lahr; and Captain Scicchitano.

By Memorandum and Order dated February 3, 2015, Remaining Defendants' motion for summary judgment was partially granted. Summary judgment was granted in favor of Defendant Mail Room Inspector Terese Jellen and favor of the Remaining Defendants with respect to the POC conditions of confinement claims on the basis of non-exhaustion of administrative remedies

Remaining Defendants are the following five SCI-Coal Twp. officials: Superintendent David Varano; Captain Charles Stetler; Correctional Officer Nowell; as well as Lieutenants Shipe and R.E. Long. Plaintiff's surviving claims contend that he was subjected to retaliation by Defendants Stetler, Shipe, Long, and Varano because he filed a grievance regarding JPay; and improper confiscation of legal materials by Defendants Nowell and Long.

Presently pending is Remaining Defendants' second motion seeking entry of summary judgment. <u>See</u> Doc. 68. The opposed motion is ripe for consideration.

## Discussion

Remaining Defendants contend that they are entitled to entry of summary judgment on the grounds that: (1) Plaintiff failed to exhaust his administrative remedies with respect to his retaliation related allegations; and (2) Flynn did not suffer any injury to a non-frivolous legal effort with respect to his claim that Defendants Nowell and Long confiscated his legal material.

2

**Standard of Review**

     Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

     Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is

a genuine issue for trial." <u>Id</u>. (internal quotations omitted); <u>see also</u> <u>Saldana</u>, 260 F.3d at 232 (citations omitted).  Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." <u>Celotex</u>, 477 U.S. at 322-23.  "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" <u>Saldana</u>, 260 F.3d at 232 (quoting <u>Williams v. Borough of West Chester</u>, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**Access to the Courts**

Plaintiff claims that his cell was searched on August 12, 2010 by Defendant Nowell allegedly in retaliation for Flynn's filing of a grievance. <u>See</u> Doc. 1, p. 3.  Flynn indicates that although he was told that the search was investigative, it is his belief that the search was retaliatory.  During this search Flynn contends that 243 pages of his legal materials were confiscated by Remaining Defendants Nowell and Long.

Remaining Defendants assert that to the extent that Plaintiff is asserting a denial of access to the courts claim against Remaining Defendants Nowell and Long, said allegation must fail because Flynn "does not identify any nonfrivolous, meritorious underlying cause of action as having been impeded by the confiscation of alleged legal materials." Doc. 69, p. 8.

Plaintiff's opposing brief vaguely asserts that the destruction of his personal papers has had an adverse effect on a Pennsylvania's Post Conviction Relief Act (PCRA)[1] petition which he filed in the Philadelphia County Court of Common Pleas.  See Doc. 75, p. 1.

Prisoners enjoy a constitutional right of meaningful access to the law libraries, legal materials, or legal services.  Bounds v. Smith, 430 U.S. 817, 821-25 (1977).  Inmates have a right to send and receive legal mail which is uncontroverted and implicates both First and Sixth Amendment concerns, through the right to petition the government and the right of access to the courts. "When legal mail is read by prison employees, the risk is of a 'chill,' rendering the prisoner unwilling or unable to raise substantial legal issues critical of the prison or prison employees."  Proudfoot v. Williams, 803 F. Supp. 1048, 1052 (E.D. Pa. 1992).

The United States Supreme Court in Lewis v. Casey, 518 U.S. 343, 351-54 (1996), clarified that an inmate plaintiff, in order to set forth a viable claim under Bounds, must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded.  A plaintiff must also allege an actual injury to his litigation

---

1.    See 42 Pa. Cons. Stat. Ann. § 9541 et seq.  The PCRA "permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions."  Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

efforts.   Under the standards mandated by <u>Lewis</u>, in order for an
inmate to state a claim for interference with his legal work, he
must demonstrate that he has suffered actual injury.   <u>See</u> <u>Oliver v.
Fauver</u>, 118 F.3d 175, 177-78 (3d Cir. 1997)(concluding that <u>Lewis</u>
effectively requires a showing of actual injury where interference
with legal mail is alleged).

 Following a careful review of the Complaint, it is clear to
this Court that Flynn has failed to adequately demonstrate that he
suffered any injury to a non-frivolous legal claim as required
under <u>Lewis</u>.   In response to Plaintiff's opposing brief the
Remaining Defendants have provided a copy of the docket from
Flynn's Philadelphia County PCRA proceeding.   See Doc. 76.   Based
upon a review of that docket, there is no indication that the
alleged interference by Remaining Defendants Nowell and Long caused
Flynn to suffer any adverse determination with respect to his PCRA
action or any other matter he was pursuing in federal or state
court.

 Accordingly, this Court agrees that entry of summary
judgment should be granted in favor of Nowell and Long with respect
to any denial of access to the court claim.

**Administrative Exhaustion**

 Plaintiff asserts that he filed a grievance on August 8,
2010 regarding the implementation of "the J-Pay system and refusing
to accept money orders."   Doc. 1, p. 3, ¶ 2.   It is alleged that
Defendants Stetler, Shipe, Long, and Varano retaliated against him

for filing that grievance by placing him in the prison's Restricted
Housing Unit (RHU) and issuing him a misconduct charge when he
refused to withdraw the grievance.  He also contends that an August
12, 2010 cell search was also retaliatory.

Remaining Defendants claim entitlement to summary judgment
with respect to the claim that he was subjected to retaliation for
initiating a grievance regarding JPay because Flynn failed to
properly exhaust his administrative remedies.  <u>See</u> Doc. 69, p. 2.
Plaintiff's opposing brief asserts that this argument is meritless
because he fully exhausted Grievance # 332131.  <u>See</u> Doc. 75, p. 1.

Section 1997e(a) of title 42 U.S.C. provides:

> No action shall be brought with respect to
> prison conditions under Section 1979 of
> the Revised Statutes of the United States
> (42 U.S.C. 1983), or any other federal
> law, by a prisoner confined in any jail,
> prison, or other correctional facility
> until such administrative remedies as are
> available are exhausted.

Section 1997e(a) requires administrative exhaustion
"irrespective of the forms of relief sought and offered through
administrative avenues."  <u>Porter v. Nussle</u>, 122 S.Ct. 983, 992
(2002); <u>Booth v. Churner</u>, 532 U.S. 731, 741 n. 6 (2001).  Claims
for monetary relief are not excused from the exhaustion
requirement.  <u>Nyhuis v. Reno</u>, 204 F.3d 65, 74 (3d Cir. 2000).
Dismissal of an inmate's claim is appropriate when a prisoner has
failed to exhaust his available administrative remedies before
bringing a civil rights action.  <u>Ahmed v. Sromovski</u>, 103 F. Supp.

2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)); Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006).

An inmate is not required to specifically plead or demonstrate exhaustion in his or her complaint. See Jones v. Bock, 549 U.S. 199, 216 (2007); see also Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002)(a prisoner does not have to allege in his complaint that he has exhausted administrative remedies). Rather, pursuant to the standards announced in Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997), it is the burden of a defendant asserting the defense of non-exhaustion to plead and prove it.[2] The United States Supreme Court in Jones noted that the primary purpose of the exhaustion requirement is to allow prison officials to address complaints before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record.

The administrative exhaustion mandate also implies a procedural default component. Spruill v. Gillis 372 F.3d 218, 222 (3d Cir. 2004). As explained by the Third Circuit Court of Appeals, a procedural default rule "prevents an end-run around the

---

2.   In Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003), the United States Court of Appeals for the Third Circuit similarly stated that "[f]ailure to exhaust administrative remedies is an affirmative defense for the defendant to plead."

exhaustion requirement." Id. at 230.  It also ensures "prisoner compliance with the specific requirements of the grievance system" and encourages inmates to pursue their administrative grievances "to the fullest." Id.  Similarly, the Supreme Court has observed that proper exhaustion of available administrative remedies is mandatory, meaning that prisoners must comply with the grievance system's procedural rules, including time limitations.  Woodford v. Ngo, 548 U.S. 81 (2006).

The Court of Appeals for the Third Circuit has recognized that "[t]here is no futility exception" to the exhaustion requirement. Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002) (citing Nyhuis, 204 F.3d at 75.  A subsequent decision by the Third Circuit Court of Appeals reiterated its no futility exception by rejecting an inmate's argument that exhaustion should be excused because prisoner grievances were regularly rejected.  Hill v. Smith, 186 Fed.  Appx. 271, 274 (3d Cir.  2006).  The Court of Appeals has also rejected "sensitive' subject matter or 'fear of retaliation' as a basis for excusing a prisoner's failure to exhaust." Pena-Ruiz v. Solorzano, 281 Fed. Appx. 110, 113 (3d Cir. 2008).

A Consolidated Inmate Grievance Review System has been established by the Pennsylvania Department of Corrections ("DOC").[3] Section V of DC-ADM 804 (effective December 8, 2010) states that "every individual committed to its custody shall have access to a

---

3.  The DOC's grievance system has been periodically amended.

9

formal procedure through which to seek the resolution of problems or other issues of concern arising during the course of confinement." See Doc. 29, p. 8.  It adds that the formal procedure shall be known as the Inmate Grievance System and provides a forum of review and two (2) avenues of appeal.  Section VI ("Procedures") of DC-ADM 804 provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Facility Grievance Coordinator within fifteen (15) working days after the events upon which the claims are based, but allowances of extensions of time will be granted under certain circumstances.

An appeal from the Grievance Coordinator's Initial Review decision may be made in writing within ten (10) working days to the Facility Manager or Superintendent.  A final written appeal may be presented within fifteen (15) working days to the Secretary's Office of Inmate Grievances and Appeals (SOIGA).  A prisoner, in seeking review through the DOC grievance system, may include reasonable requests for compensation or other legal relief normally available from a court.  However, an improperly submitted grievance will not be reviewed.

A declaration under penalty of perjury submitted by SCI-Coal Twp. Superintendent's Assistant/Grievance Coordinator Trisha Kelley acknowledges that Plaintiff filed Grievance # 332131 regarding his allegations of retaliation including his assertion of retaliatory placement in administrative custody.  See Doc. 71-1.  However, his grievance was rejected at all administrative levels because issues

10

relating to placement in administrative custody and disciplinary custody cannot be addressed through the grievance process.  See Doc. 71-2, p. 1.  Rather, any such administrative custody appeals are to initiated through the DOC's Administrative Custody Procedures.

Accompanying copies of the grievance and responses confirm that Grievance # 332131 raised claims regarding retaliatory mistreatment and was not addressed on its merits because it raised an issue pertaining to placement in administrative custody. Rather, the grievance was rejected at all levels of the administrative review process.

As discussed earlier, under Woodford prisoners are required to comply with grievance system procedural rules when exhausting their administrative remedies.  Since the undisputed record establishes that Flynn's failure to do so resulted in the rejection of his complaints of retaliation, a finding of non-exhaustion and entry of summary judgment under the well settled Spruill and Woodford standards is appropriate.  Remaining Defendants' request for summary judgment will be granted.  An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: MARCH 4th, 2016

FILED
SCRANTON

MAR 0 4 2016

PER _____ 
DEPUTY CLERK

11