# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD FLYNN, : | |
|    Plaintiff, : | |
| : | No. 3:12-cv-1535 |
| v. : | |
| : | (Judge Rambo) |
| DEPARTMENT OF : | |
| CORRECTIONS, *et al.*, : | |
|    Defendants : | |

## MEMORANDUM

This matter is before the Court pursuant to Defendants Thomas Williams ("Williams"), Charles Stetler ("Stetler"), and Shipe ("Shipe")'s motion to partially dismiss (Doc. No. 99) Plaintiff Donald Flynn ("Plaintiff")'s amended complaint (Doc. No. 95). Plaintiff filed a brief in opposition on December 27, 2019. (Doc. No. 101.) Defendants have filed neither a reply brief nor a motion seeking an extension of time to do so. Accordingly, because the time for filing a reply brief has expired, the motion to partially dismiss is ripe for disposition.

## I.    BACKGROUND

On August 8, 2012, Plaintiff, who at that time was an inmate proceeding *pro se*, initiated the above-captioned case by filing a complaint pursuant to 42 U.S.C. § 1983 against the Department of Corrections ("DOC") and several of its employees. (Doc. No. 1.) Defendants filed a motion to dismiss. (Doc. No. 10.) In an Order dated August 26, 2013, the Court granted the motion to dismiss with respect to all

claims and Defendants except: (1) Plaintiff's claim of mail interference against Defendant Jellen, (2) Plaintiff's retaliation claims against Defendants Stetler, Shipe, Long, and Varano; (3) Plaintiff's claims of improper taking of legal materials by Defendants Nowell and Long; and (4) Plaintiff's Psychiatric Observation Cell ("POC") related claims against Defendants Stetler and Shipe. (Doc. No. 33.) The remaining Defendants filed a motion for summary judgment on December 5, 2013. (Doc. No 39.) On February 3, 2015, the Court granted the motion for summary judgment with respect to Plaintiff's claims against Defendant Jellen as well as his claims regarding the POC on the basis that he had not exhausted his administrative remedies. (Doc. Nos. 64, 65.) On April 6, 2015, the Court granted the remaining Defendants leave to file a second dispositive motion (Doc. Nos. 66, 67), which they did on April 14, 2015 (Doc. No. 68). On March 4, 2016, the Court granted the second motion for summary judgment and closed the above-captioned case. (Doc. Nos. 78, 79.)

Plaintiff appealed to the United States Court of Appeals for the Third Circuit. (Doc. No. 81.) On June 22, 2018, the Third Circuit vacated this Court's judgment insofar as it dismissed Plaintiff's claims against Defendant Williams without giving Plaintiff leave to amend, vacated the grant of summary judgment to Defendants Stetler and Shipe with respect to Plaintiff's claims regarding his time in the POC,

directed this Court to appoint counsel to represent Plaintiff on remand, and affirmed the judgment in all other respects. *Flynn v. Dep't of Corr.*, 739 F. App'x 132, 139 (3d Cir. 2018). On July 19, 2018, this Court reopened the above-captioned case and referred it to the Co-Chairs of the Federal Bar Association's Pro Bono Committee to locate counsel to represent Plaintiff. (Doc. No. 87.) Counsel subsequently appeared on Plaintiff's behalf (Doc. Nos. 88, 89) and filed a motion to stay proceedings for 120 days to allow them to review the record and confer with Plaintiff (Doc. No. 90). The Court granted their motion on November 19, 2018. (Doc. No. 91.) In an Order entered August 1, 2019, the Court lifted the stay and directed the parties to file status reports by August 30, 2019. (Doc. No. 93.) On August 30, 2019, the parties filed a joint status report indicating that Plaintiff intended to file an amended complaint by October 18, 2019. (Doc. No. 94.)

Plaintiff filed his amended complaint on October 18, 2019. (Doc. No. 95.) Plaintiff alleges that on several occasions during his imprisonment, officials "shut off the telephones while Plaintiff was speaking on the telephone using pre-paid phone time." (*Id.* ¶ 8.) Plaintiff was unable to recover his pre-paid phone time and had to use additional funds to complete the calls. (*Id.* ¶ 9.) He filed Grievances 369816 and 373906 regarding the telephone system and his loss of pre-paid phone time. (*Id.* ¶¶ 10-11.) Plaintiff alleges that on September 27, 2011, Defendant

3

Williams retaliated against him by issuing "a report falsely stating that Plaintiff had pled guilty to misconduct B067662 for events occurring on September 16, 2011." (*Id.* ¶¶ 12-14.) He was sanctioned with fourteen (14) days' loss of phone privileges starting on September 27, 2011. (*Id.* ¶ 14.)

Plaintiff further alleges that from October 19-21, 2011, he was confined to a POC in the Restricted Housing Unit ("RHU"). (*Id.* ¶¶ 15, 17.) Shortly before and during that time, Plaintiff received several misconducts, "allegedly based on the results of searching Plaintiff's confiscated property on October 19, 2011." (*Id.* ¶ 16.) Plaintiff alleges that during his time in the POC, he was denied water, personal hygiene supplies, clothing, and proper medical care. (*Id.* ¶ 19.) He further alleges that during some of his time in the POC, he became ill, vomited, and lay in his own vomit. (*Id.* ¶ 20.) Plaintiff told Defendants Stetler and Shipe that he was sick, and they saw Plaintiff vomit on himself. (*Id.* ¶ 21.) Plaintiff maintains, however, that Defendants Stetler and Shipe put him back in the POC and took no action to get him medical assistance. (*Id.* ¶ 22.)

Based on these allegations, Plaintiff asserts that Defendant Williams violated his rights under the First Amendment by retaliating against him and that Defendants Stetler and Shipe violated his Eighth Amendment rights to be free from cruel and unusual punishment. (*Id.* ¶¶ 33-46.) He requests a declaratory judgment, as well as

4

compensatory and punitive damages and attorneys' fees and costs. (*Id.* at 7.) Defendants now seek dismissal of Plaintiff's claim against Defendant Williams, arguing that Plaintiff has failed to state a First Amendment retaliation claim against him. (Doc. No. 100.)

## II. STANDARD OF REVIEW

### A. Motion to Dismiss, Federal Rule of Civil Procedure 12(b)(6)

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under *Twombly* and *Iqbal*, pleading requirements have shifted to a "more heightened form of pleading." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. *Id.* The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in *Iqbal*, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has

5

not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'"

6

*Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)); *see also Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (noting that when considering a motion to dismiss, courts may consider "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading").[1]

### B. Civil Rights Statute, 42 U.S.C. § 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting

---

[1] Defendants have attached to their brief in support of the motion to dismiss copies of the documents from Plaintiff's misconduct proceedings as well as copies of Plaintiff's grievances concerning the telephone system. (Doc. No. 100 at 14-29.) Plaintiff does not challenge the authenticity of these documents. Accordingly, the Court will consider them in its analysis below.

7

*Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### III. DISCUSSION

As noted above, Plaintiff alleges that Defendant Williams retaliated against him in violation of the First Amendment. To state a retaliation claim under the First Amendment, a plaintiff bears the burden of satisfying three (3) elements. First, a plaintiff must prove that he was engaged in a constitutionally protected activity. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). Second, a plaintiff must demonstrate that he "suffered some 'adverse action' at the hands of prison officials." *Id.* (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)). This requirement is satisfied by showing adverse action "sufficient 'to deter a person of ordinary firmness' from exercising his First Amendment rights." *Id.* (quoting *Suppon v. Dadonna*, 2013 F.3d 228, 235 (3d Cir. 2000)). Third, a prisoner must prove that "his constitutionally protected conduct was 'a substantial or motivating factor' in the

decision to discipline him." *Rauser*, 241 F.3d at 333-34 (quoting *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The mere fact that an adverse action occurs after either a complaint or grievance is filed is relevant, but not dispositive, for the purpose of establishing a causal link between the two events. *See Lape v. Pennsylvania*, 157 F. App'x 491, 498 (3d Cir. 2005). Only when the facts of a particular case are "unusually suggestive" of a retaliatory motive will temporal proximity, on its own, support an inference of causation. *See Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 503 (3d Cir. 1997). The Third Circuit has noted that an inmate can satisfy this burden "with evidence of either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action or (2) a pattern of antagonism coupled with timing that suggests a causal link." *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2002).

If a prisoner establishes a *prima facie* case of retaliation, the burden shifts to prison officials to show, by a preponderance of the evidence, that "they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Rauser*, 241 F.3d at 334. "This is often referred to as the 'same decision defense.'" *Watson*, 834 F.3d at 422. If the prison officials

can make this showing, it defeats the retaliation claim. *See Carter v. McGrady*, 292 F.3d 152, 159 (3d Cir. 2002).

Defendants concede that Plaintiff's complaint sufficiently alleges the first two (2) elements of a retaliation claim. (Doc. No. 100 at 5-6.) They argue, however, that Plaintiff has not sufficiently alleged the third element. (*Id.* at 6.) Defendants maintain that: (1) Plaintiff's conclusory statement that the misconduct was issued in retaliation for filing grievance "is insufficient to establish the causation element"; (2) Defendant Williams did not issue the misconduct; (3) Plaintiff acknowledged "the finding of guilt when the matter was resolved informally and the sanctions imposed"; and (4) Defendant Williams was not named in or involved with Plaintiff's grievances in any capacity. (*Id.* at 7-9.)

In response, Plaintiff maintains that Defendant Williams received a copy of the facility manager's appeal response denying his grievance concerning the phone system and, therefore, was aware of his constitutionally protected conduct. (Doc. No. 101 at 4.) Moreover, Defendant Williams "was directly involved in the adverse action" and "falsely reported that [Plaintiff] pled guilty to the misconduct." (*Id.* at 5.) Plaintiff argues further that Defendant Williams' falsification of his guilty plea serves no legitimate penological interest. (*Id.* at 10.)

The Court does not agree with Defendants that Plaintiff has failed to plead the third element of a retaliation claim.  The documents Defendants have attached to their brief in support indicate that Defendant Williams received a copy of the facility manager's appeal response to Grievance 369816, issued on July 7, 2011.  (Doc. No. 100 at 19.)  Thus, Defendant Williams was aware of Plaintiff's constitutionally protected activity.  *Cf. Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 196-97 (3d Cir. 2015) (noting that a plaintiff "cannot establish that there was a causal connection without some evidence that the individuals responsible for the adverse action knew of the plaintiff's protected conduct at the time they acted"); *Whitehead v. Rozum*, No. 09-220J, 2012 WL 4078422, at *6 (W.D. Pa. Aug. 14, 2012) (concluding that the inmate-plaintiff had failed to demonstrate that corrections officers were "aware of his filing of . . . grievances such as to establish any motivating factor"), *Report and Recommendation adopted*, 2012 WL 4086717 (W.D. Pa. Sept. 17, 2012).

Moreover, while the documents provided by Defendants indicate that Defendant Williams did not issue the misconduct report (Doc. No. 100 at 14), he was the one who handled the informal resolution of the report (*id.* at 15-16).  The Disciplinary Hearing Report notes that Plaintiff pled guilty.  (*Id.* at 15.)  That form is signed only by Defendant Williams.  (*Id.*)  Plaintiff's signature only appears on the Informal Resolution Action Form, which mentions nothing about a guilty plea

and sets forth the sanction of fourteen (14) days' loss of phone privileges. (*Id.* at 16.) This disciplinary action was taken on September 27, 2011 (*id.*), and Plaintiff's grievances about the phone system were denied at the final level on August 2, 2011 and September 27, 2011 (*id.* at 17, 24). Given the close temporal proximity, the Court finds that Plaintiff has sufficiently set forth the third element of his retaliation claim. Moreover, Plaintiff's assertions that Defendant Williams falsely reported that Plaintiff had pled guilty to the misconduct and that Plaintiff did not receive notice or a copy of the misconduct report prior to receiving the Disciplinary Hearing Report (Doc. No. 101 at 7) are sufficient to allow Plaintiff to proceed on a due process retaliation claim. *See Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002) (noting that "[p]rison disciplinary proceedings may . . . constitute a denial of due process in the context of a civil rights action under § 1983 when they are instituted for the sole purpose of retaliating against an inmate for his/her exercise of a constitutional right"); *cf. Cooper v. Pa. DOC*, No. 1:12-cv-1186, 2019 WL 2408932, at *10 (M.D. Pa. June 7, 2019) (denying summary judgment with respect to retaliatory due process claim where inmate claimed that he never received a copy of the misconduct report and was ordered to sign the Informal Resolution Action form).

## IV. CONCLUSION

For the foregoing reasons, Defendants' partial motion to dismiss (Doc. No. 99) will be denied. An appropriate Order follows.

<u>s/Sylvia H. Rambo</u>
Sylvia H. Rambo
United States District Judge

Dated: January 27, 2020